IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REHKEMPER & SON, INC., | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-858-GPM |
| | ) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | ) ) |
| | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case is before the Court on a motion for remand of the case to state court brought by Plaintiff/Counterclaim Defendant Rehkemper & Son, Inc. ("Rehkemper") (Doc. 12). This suit concerns a policy of workers' compensation insurance issued to Rehkemper by Defendant/Counterclaim Plaintiff Indiana Lumbermens Mutual Insurance Company ("Lumbermens"). It appears from the record of this case that in 2005 Michael Gray, an employee of Rehkemper, suffered a work-related injury, whereupon Gray filed a claim with the Illinois Workers' Compensation Commission. It further appears that to date Rehkemper has paid Gray approximately $23,000 in workers' compensation benefits. In July 2009 Rehkemper tendered the defense of Gray's workers' compensation claim to Lumbermens. In August 2009 Lumbermens denied coverage of Gray's claim, whereupon Rehkemper filed this action against Lumbermens in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Count I and Count II of Rehkemper's complaint allege, respectively, breach of contract and vexatious and unreasonable delay in settling

an insurance claim, in violation of 215 ILCS 5/155; Lumbermens is counterclaiming for a judicial declaration that it owes no duty to defend or indemnify Rehkemper as to Gray's workers' compensation claim. In October 2009 Lumbermens removed the case to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship. Rehkemper in turn has moved for remand of this case to state court for lack of subject matter jurisdiction. Rehkemper's motion for remand has been fully briefed by the parties, and the Court now rules as follows.

### I. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1

(S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").[1]

In general, the exercise of federal subject matter jurisdiction on the basis of diversity requires that there be complete diversity of citizenship among the parties to an action and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). For diversity purposes a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business being determined in the Seventh Circuit by the state where the corporation has its headquarters or nerve center. *See* 28 U.S.C. § 1332(c)(1);

---

1. It perhaps is worth noting that, although civil actions arising under state workers' compensation laws may not be removed to federal court, this prohibition does not extend to a case in which, as here, a plaintiff is not asserting rights created by a state workers' compensation statute and resolution of the case will not turn on the construction of such a statute. *See* 28 U.S.C. § 1445(c); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724-25 (7th Cir. 1994); *Illinois v. DeLong's Inc.*, 57 F. Supp. 2d 639, 641 (C.D. Ill. 1999); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 991 (E.D. Wis. 1984).

*Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).[2]

  Here it is undisputed that there is complete diversity of citizenship: Rehkemper is a corporation incorporated under Illinois law with its principal place of business in Illinois and therefore is a citizen of Illinois for diversity purposes, while Lumbermens is a corporation incorporated under Indiana law with its principal place of business in Indiana and therefore is a citizen of Indiana for diversity purposes. What is in dispute between the parties is whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. The standard under which the amount in controversy in a case removed from state court to federal court in diversity jurisdiction must be evaluated is well settled. The jurisdictional amount in a case is determined by an evaluation of the claims described in the complaint, along with the record as a whole, as of the time the case was removed. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005); *Southern Ill. Beverage, Inc. v. Hansen Beverage Co.*, No. 07-CV-391-DRH, 2007 WL 3046273, at *2 (S.D. Ill. Oct. 15, 2007). In the event that any challenges are made regarding the amount in

---

2. The statute governing federal diversity jurisdiction provides that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). *See also Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989). This provision of Section 1332(c)(1) does not apply to suits between, as here, an insurer and an insured. *See Bodine's Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 50 (N.D. Ill. 1984); *Estate of Zeiler v. Prudential Ins. Co. of Am.*, 570 F. Supp. 627, 628 (N.D. Ill. 1983).

controversy, the party asserting the existence of federal subject matter jurisdiction has the burden of affirmatively establishing that the jurisdictional minimum amount is satisfied. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). A removing defendant "need not show that the plaintiff will prevail or collect more than $75,000 if he does." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (emphasis omitted). Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*. *See also Brill*, 427 F.3d at 449 ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). A case must remain in federal court unless it is "legally certain" that the controversy is worth less than the jurisdictional amount. *Meridian*, 441 F.3d at 543. In evaluating the jurisdictional amount, a court may reckon in attorney's fees and punitive damages where such are recoverable under the applicable state law. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (a prospective award of punitive damages can satisfy the jurisdictional amount in a diversity case if such damages are recoverable as a matter of state law and if it is not legally certain that a plaintiff cannot recover a jurisdictionally-sufficient award of punitive damages); *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir. 1982) ("[W]here a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied.").

The Court turns then to an examination of the amount in controversy with respect to Rehkemper's claim for breach of contract (Count I of the complaint, as already has been noted). In cases involving insurance contracts, if the validity of a policy of insurance is itself in dispute in a case, then the value of the entire policy may be included in the calculation of the amount in controversy. "[W]hen the validity of a policy (as opposed to the insurer's obligation to pay) is in dispute, the face value of that policy is a proper measure of the amount-in-controversy." *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003) (holding that an insured's repudiation of an arbitration clause in an insurance contract was a challenge to the validity of the contract because the insured sought to rescind the contract). If the claim involves a dispute as to the insurer's liability for payment of benefits, however, the validity of the insurance policy is not at issue, and future benefits payable under the insurance policy cannot be counted toward the amount in controversy. "Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." *Keck v. Fidelity & Cas. Co. of N.Y.*, 359 F.2d 840, 841 (7th Cir. 1966) (where the allegations of a complaint for a declaratory judgment with respect to a disability policy showed that the validity of the insurance policy was not in dispute but only the insurer's claim that the conditions upon which depended the insured's right to receive total disability benefits had not been satisfied, any alleged future benefits payable under the policy could not be used to calculate the amount in controversy for purposes of federal diversity jurisdiction). In this case, of course, Rehkemper is disputing Lumbermen's liability for benefits under an insurance policy, not the validity of the policy itself. Therefore, the amount in controversy in this case is limited to

amounts claimed by Rehkemper to be past due and does not include any future benefits for which Lumbermens may allegedly become liable. Here, as already has been discussed, the allegedly past due benefits under Rehkemper's workers' compensation insurance policy with Lumbermens appear to consist of the approximately $23,000 that, as already has been noted, Rehkemper has paid to Gray in workers' compensation benefits, an amount that is, of course, far short of the requisite jurisdictional minimum for diversity purposes. Thus, it does not appear on its face that Rehkemper's claim for breach of contract involves an amount sufficient to establish the Court's subject matter jurisdiction in diversity.

Nor does the Court believe that punitive damages are recoverable as to Rehkemper's breach of contract claim. In general, of course, Illinois law does not permit the recovery of punitive damages for breach of contract. *See Parks v. Wells Fargo Home Mortgage, Inc.*, 398 F.3d 937, 940 (7th Cir. 2005) (citing *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 492 N.E.2d 181, 183-84 (Ill. 1986)) ("Illinois, whose law applies to this case, does not ordinarily allow punitive and emotional distress damages for breaches of contract."). In a narrow class of cases, however, punitive damages may be available for a breach of contract where the conduct of the breaching party amounts to a tort for which punitive damages are recoverable. *See Hunter Douglas Metals, Inc. v. Edward C. Mange Trading Co.*, 586 F. Supp. 926, 929 (N.D. Ill. 1984) (citing *McGrady v. Chrysler Motors Corp.*, 360 N.E.2d 818, 822 (Ill. App. Ct. 1977)) ("[W]here a count contains allegations sufficient to support both a contract claim and an independent tort, both may stand and punitive damages may be awarded if plaintiff is able to sustain his burden under the tort theory."); *McIntosh v. Magna Sys., Inc.*, 539 F. Supp. 1185, 1190 (N.D. Ill. 1982) ("As a general rule, Illinois courts will not award punitive damages for actions grounded solely in breach of contract . . . . Only

when the breach itself constitutes an independent and wilful tort accompanied by fraud, malice, wantonness or oppression, will Illinois permit recovery of punitive damages for a breach of contract."); *Bank of Lincolnwood v. Comdisco, Inc.*, 444 N.E.2d 657, 662 (Ill. App. Ct. 1982) (punitive damages are recoverable for breach of contract "in exceptional cases where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression."); *St. Ann's Home for the Aged v. Daniels*, 420 N.E.2d 478, 482 (Ill. App. Ct. 1981) (holding that although a breach of contract by the son of a nursing home resident caused hardship to the nursing home, and the breaching party knew that the home was in great financial need, the breaching party's conduct was not wanton, malicious, or oppressive such as to sustain an award of punitive damages for the breach). In this instance Rehkemper's complaint contains no prayer for punitive damages, nor does Rehkemper's claim for breach of contract allege conduct by Lumbermens amounting to an independent tort committed with wantonness, malice, or oppression. Instead, Rehkemper's claim for breach of contract merely alleges that Lumbermens has failed to pay amounts due under its contract with Rehkemper. In sum, there is nothing in the record to support an award of punitive damages as to Rehkemper's claim for breach of contract and therefore such damages cannot be reckoned into the jurisdictional amount in controversy with respect to the contract claim.[3]

---

3. With respect to common-law claims, Illinois adheres, of course, to the familiar "American rule," whereby "[i]n the absence of a legislative enactment, . . . a successful litigant is not entitled to recover attorney fees and the ordinary expenses of litigation and trial preparation." *State Farm Fire & Cas. Co. v. Miller Elec. Co.*, 596 N.E.2d 169, 171 (Ill. App. Ct. 1992) (citing *House of Vision, Inc. v. Hiyane*, 245 N.E.2d 468, 472 (Ill. 1969)). *See also Ardt v. State*, 687 N.E.2d 126, 129 (Ill. App. Ct. 1997). Nothing in the record discloses a means, either by statute or contract, whereby attorney's fees could be recovered as to Rehkemper's claim for breach of contract, although, as will be discussed presently, such fees are available pursuant to Rehkemper's claim under 215 ILCS 5/155.

Thus, the Court turns finally to the question of whether an award of damages pursuant to 215 ILCS 5/155 (under which, as already has been noted, Count II of Rehkemper's complaint is asserted) will bring the amount in controversy in this case over the jurisdictional threshold. That statute, titled "Attorney fees," provides in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). *See also Cramer v. Insurance Exch. Agency*, 675 N.E.2d 897, 902 (Ill.1997) (explaining that Section 155 "simply provides an extracontractual remedy to an action on a policy."); *Peerless Enter., Inc. v. Kruse*, 738 N.E.2d 988, 999 (Ill. App. Ct. 2000) (quoting *Richardson v. Illinois Power Co.*, 577 N.E.2d 823, 826 (Ill. App. Ct. 1991)) (Section 155 is a statutory remedy available to "an insured or his assignee 'who encounters unnecessary difficulties when an insurer withholds policy benefits.'"). Here Rehkemper prays for both attorney's fees and a penalty under Section 155 and accordingly the Court will consider both in evaluating the jurisdictional amount in controversy with respect to Count II of Rehkemper's complaint.[4]

---

4. The fact that attorney's fees are denominated as "costs" under 215 ILCS 5/155 does not prevent them from being reckoned into the amount in controversy. *See Batts Rest., Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)) ("[I]t is well settled that the amount claimed for attorney fees must be added to the principal sum sued for in determining the amount in controversy, even though the state statute labels the fees as costs.").

Regarding attorney's fees, the Court concludes (and the parties seem to agree) that such fees began to accrue with respect to Rehkemper's claim under 215 ILCS 5/155 in August 2009, when, as already has been discussed, Lumbermens denied coverage as to Gray's workers' compensation claim and refused to defend or indemnify Rehkemper. *See Marcheschi v. Illinois Farmers Ins. Co.*, 698 N.E.2d 683, 689-90 (Ill. App. Ct.1998) (attorney's fees awarded to an insured in a suit under Section 155 were properly limited to those incurred by the insured after an insurer's conduct became vexatious and unreasonable). By the same token, attorney's fees ceased to accrue as to Rehkemper's Section 155 claim in October 2009, when this case was removed. This is because "[t]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed[.]" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)). Correspondingly, because "jurisdiction depends on the state of affairs when the case begins[,] what happens later is irrelevant.*" Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Consistent with these principles, "[t]he settled rule in this Circuit is that, although attorney's fees may properly be reckoned into the jurisdictional amount for diversity purposes, in a case removed from state court to federal court only those fees incurred before removal may properly be so considered." *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *10 (S.D. Ill. Sept. 27, 2006) (collecting cases). *See also Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003) ("[P]ost-filing attorney's fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, if at all, at the time of filing."); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (legal expenses incurred

after a case is filed in federal court do not count toward the amount in controversy). As already has been discussed, Rehkemper's compensatory damages in this case appear to be roughly $23,000. The Court does not find it plausible (which is to say, more probable than not) that in the period of approximately two months that elapsed between Lumbermens's denial of coverage for Gray's workers' compensation claim and the removal of this case, Rehkemper incurred the attorney's fees in excess of approximately $52,000 required to bring Rehkemper's damages up to the jurisdictional minimum amount for diversity purposes. *See Atteberry v. Esurance Ins. Servs., Inc.*, 473 F. Supp. 2d 876, 877 (N.D. Ill. 2007) (in a suit under Section 155 that had been removed in diversity jurisdiction, concluding that the plaintiff probably did not incur $15,000 in legal expenses in a period of approximately two months).

      Finally, the Court considers the matter of a penalty under 215 ILCS 5/155 or, it probably is more accurate to say, an extracontractual remedy under the statute. *See Buckner v. Causey*, 724 N.E.2d 95, 103 (Ill. App. Ct. 1999) ("When . . . an insurer refuses to pay pursuant to the terms of its policy, the action is one for breach of contract to which the additional remedies afforded under section 155 are applicable."). As already has been noted, in addition to attorney's fees under Section 155 Rehkemper requests under the statute an additional amount "not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." 215 ILCS 5/155(1). An award under the statute must be limited to the smallest of the three possible amounts. *See Stachewicz v. National Union Fire Ins. Co. of Pittsburg*,


No. 3:09-cv-470-JPG, 2009 WL 3065065, at **3-4 (S.D. Ill. Sept. 23, 2009); *Nelles v. State Farm Fire & Cas. Co.*, 742 N.E.2d 420, 422-25 (Ill. App. Ct. 2000).  In this instance, assuming that Rehkemper's compensatory damages amount to $23,000, an award of an additional amount under Section 155 would be approximately $14,000, which obviously does not bring Rehkemper's damages up to the threshold amount required for the Court to possess subject matter jurisdiction in diversity.  Construing the record most strongly against removal and resolving all doubts about the propriety of removal in favor of remand, as the Court must do, of course, in evaluating Rehkemper's motion for remand, the Court concludes that this case is due to be remanded to state court.[5]

### III. CONCLUSION

Rehkemper's motion for remand of this case to state court (Doc. 12) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  February 10, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5.  As a final matter, the Court notes that Lumbermens has put into the record a letter authored by counsel for Rehkemper that states that in July 2008 Rehkemper made a settlement offer to Gray in the amount of $75,000.  If so, this does not establish the jurisdictional minimum amount for diversity purposes in this case, which requires Lumbermens to show that an amount in excess of $75,000, exclusive of interest and costs, is in controversy here.  *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 n.1 (7th Cir. 1996) ("It is necessary to exceed, not just to achieve, [$75,000] in controversy.").